**FILED**

**UNITED STATES DISTRICT OF COLUMBIA**
**FOR THE DISTRICT OF COLUMBIA**

NOV 3 0 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RAYMOND LYONS, JR.                          :
                                            :
     Fed.Reg# 24216-016                     :
     D.C. Detention Ctr.                    :
     1901 D Street, SE                      :
     Washington, DC 20003                   :
                                            :
     Petitioner,                            :
                                            :
     Through counsel                        :
     Olinda Moyd                            :
     Public Defender Service                :
     for the District of Columbia
     633 Indiana Ave. NW            CASE NUMBER  1:05CV02312
     Washington, DC 20004
                                   JUDGE: James Robertson
     v.
                                   DECK TYPE: Habeas Corpus/2255
EDWARD REILLY
CRANSTON MITCHELL,                 DATE STAMP: 11/30/2005
DEBORAH SPAGNOLI,                           :
ISAAC FULWOOD,                              :
and PATRICIA CUSHWA,                        :
                                            :
     In their official capacities as        :
     Commissioners of the                   :
     U.S. Parole Commission,                :
     5550 Friendship Blvd., Ste. 420        :
     Chevy Chase, MD 20815                  :
                                            :
                                            :
ELWOOD YORK,                                :
                                            :
     In his official capacity as            :
     Director of the D.C. Department        :
     of Corrections                        :
     1923 Vermont Ave. NW                   :
     Washington, DC 20001                   :
                                            :

RECEIVED

NOV 2 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

DENNIS HARRISON,                          :
                                          :
    In his official capacity as           :
    Warden                                :
    D.C. Detention Center                 :
    Washington, DC 20003                  :
                                          :
                                          :
PAUL QUANDER,                             :
                                          :
    In his official capacity as           :
    Director of the Court Services and    :
    Offender Supervision Agency.          :
    633 Indiana Ave. NW, 12th floor       :
    Washington, DC 20004                  :

## PETITION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2242

Pursuant to 28 United States Code § 2241,[1] Raymond Lyons, through counsel, respectfully submits this petition for a writ of habeas corpus requesting an immediate parole revocation hearing as required by due process, *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and U.S. Parole Commission regulations, or immediate release. Mr. Lyons has been detained in the District of Columbia jail for more than 125 days on allegations that he violated the conditions of his parole. Despite repeated appeals to the U.S. Parole Commission, and despite regulations that require the U.S. Parole Commission to conduct a hearing within 90 days, he has not received the timely hearing to which he is entitled to determine whether his parole will be revoked

---

[1] 28 U.S.C. § 2241 provides in relevant part: "Power to grant writ. (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts, and any circuit judge within their respective jurisdictions. . . . (c) [t]he writ of habeas corpus shall not extend to a prisoner unless (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or (2) He is in custody for an act done or omitted in pursuance of an act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . ".

Since July 1, 2005 Mr. Lyons has been held on a parole violation warrant. Despite repeated appeals to the U.S. Parole Commission, Mr. Lyons has remained incarcerated for over four months without receiving a parole revocation hearing. Mr. Lyons has been grossly prejudiced by this delay. Mr. Lyons has been separated from his minor children and his elderly mother who depends on him for support as a result of his continued confinement. The most severe prejudice suffered by Mr. Lyons is the fact that by the time his revocation hearing is conducted he will have already served the minimum guideline sentence for the alleged violations. Therefore, he has been deprived of the opportunity to receive the minimum guideline sentence of eight months.

Mr. Lyons' continued incarceration violates both the U.S. Parole Commission regulations, 28 C.F.R. §§ 2.102 (f) and due process.

Mr. Lyons now turns to this Court for relief. The U.S. Parole Commission's failure to act despite Mr. Lyon's continued unlawful incarceration violates "the constitution and laws of the United States." 28 U.S.C. § 2241(c )(3). Specifically, Mr. Lyons' continued incarceration violates the U.S. Parole Commission regulations and the Fifth and Eighth Amendments to the United States Constitution. Accordingly, Mr. Lyons respectfully requests that this Court issue a Writ of Habeas Corpus releasing him from this unlawful confinement. See Fed.R.Hab.Corp.4 and L.Cv.R. 16.4. In the alternative, Mr. Lyons seeks an order directing the Commission to conduct a revocation hearing in accordance with its own regulations and due process immediately. 28 C.F.R. § 2.102; Fifth Amendment to the U.S. Constitution and Fed. R.Civ.P.81 (b) (relief previously available through writ of mandamus should be sought by motion).

If this Honorable Court is unable to find in Mr. Lyons' favor based on his

petition, Mr. Lyons respectfully requests an expedited revocation hearing on this matter.

## STATEMENT OF JURISDICTION

The district court possesses jurisdiction to hear this case under 28 U.S.C. § 2241.

See Blair-Bey v. Quick, 151 F.3d 1036, 1043-44 (D.C. Cir. 1998)(concluding that D.C.

Code § 16-1901 does not bar district courts from hearing petitions brought by D.C.

prisoners under 28 U.S.C. § 2241). Venue is proper under 28 U.S.C. § 1391.[2]

## STATEMENT OF FACTS

1). Mr. Lyons was sentenced in 1992 to 15 years in prison for Second Degree

Burglary by D.C. Superior Court Judge Ellen Huvelle. The sentence was suspended to

all but two years in custody and two years probation. His probation was subsequently

revoked and on March 1, 2004 he was placed on parole supervision with a full-term date

of June 27, 2012. While on parole he was expected to comply with the special conditions

of drug testing and drug/alcohol treatment.

2). On November 3, 2004, a warrant was issued by the United States Parole

Commission for Mr. Lyon's arrest. The affidavit or report in support of the arrest

warrant alleged non-criminal violations of parole.

---

[2] 28 U.S.C. § 1391 provides in relevant part: "Venue generally. . . . (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

4

3). On March 7, 2005, Mr. Lyons was arrested by the District of Columbia Metropolitan Police Department and charged with possession of crack cocaine. He was subsequently sentenced on June 29, 2005 to serve 100 days confinement – or time served – for this misdemeanor offense in D.C. Superior Court.

4). On March 11, 2005, while incarcerated for the then-pending possession charge, a second written report was submitted to the U.S. Parole Commission by Mr. Lyons' community supervision officer requesting a revocation hearing for Mr. Lyons based on the conduct leading to the March 7, 2005 arrest.

5). On July 1, 2005, two days after his plea and sentencing in D.C. Superior Court, the U.S. Marshal Service executed the U.S. Parole Commission warrant against Mr. Lyons. He has been held in custody on the parole warrant since that date, more than 125 days.

6). On July 8, 2005, a probable cause hearing was conducted at the D.C. Jail on behalf of Mr. Lyons at which time he admitted to the administrative charge of failing to report to his parole officer forming the basis for a probable cause finding to continue Mr. Lyons' detention prior to his final hearing. The U.S. Parole Commission was also aware at that time of the July 29, 2005 conviction which also meets the probable cause standard at such hearing.[3]

---

[3] See 28 C.F.R. § 2.101(h) which provides that "Conviction of any crime committed subsequent to release by a parolee shall constitute probable cause for the purposes of this section, and no probable cause hearing shall be conducted unless a hearing is needed to consider additional charges that may be determinative of the Commission's decision whether to revoke parole".

7). At the probable cause hearing Mr. Lyons, through counsel, recognized that he qualified for an institutional revocation hearing[4] or an expedited offer. Pursuant to the U.S. Parole Commission's own regulations and due process, an institutional hearing into whether parole should be revoked must be conducted within 90days from the execution of the parole arrest warrant. See 28 C.F.R. § 2.102. To date, more than 125 days later, the U.S. Parole Commission has failed to provide Mr. Lyons with a hearing or an expedited offer.

8). Mr. Lyons, through counsel, contacted the U.S. Parole Commission through electronic mail communications on Friday, September 2, 2005 and again on Monday, October 3, 2005 requesting an institutional hearing on behalf of Mr. Lyons. See attached email communications. Despite related requests on behalf of Mr. Lyons, the U.S. Parole Commission has taken no action in his case.

## ARGUMENT

Mr. Lyons's continued detention is illegal: it violates both United States Parole Commission (USPC) regulations and the United States Constitution. The USPC assumed jurisdiction over parole revocation matters for D.C. Code offenders on August 5, 2000, pursuant to the National Capital Revitalization and Self Improvement Act of 1997, P.L. 105-33 § 112312(A)(1), 111 Stat. 745 (Aug 5, 1997)(codified at D.C. Code § 24-1231 (a)(3)). Pursuant to the Revitalization Act, the Commission promulgated regulations

---

[4] An institutional hearing is a final revocation hearing conducted for a parolee who (i) voluntarily waives the right to a local revocation hearing; or (ii) admits one or more charged violations without contesting any unadjudicated charge that may be determinative of the Commission's decision regarding revocation and/or reparole. See 28 C.F.R. § 2.102(d)(1).

6

governing parole revocation hearings for D.C. Code offenders, which are published at 65

Fed. Reg. 45, 888 (2000)(to be codified at 28 CFR § 2.70 et seq.).   Mr. Lyon's continued

incarceration violates these regulations, as well as the Fifth and Eighth Amendments to

the United States Constitution.  See Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593,

33 L. Ed. 2d 484 (1972).

### A.    The U.S. Parole Commission has Abused its Discretion by Failing to Comply with its own Regulations

"An agency abuses its discretion if it fails to follow its own regulations and

procedures." Furnari v. Warden, 218 F.3d 250, 257-58 (3rd Cir. 2000)(quoting Moret v.

Karn, 746 F.2d 989, 992 (3rd Cir. 1984)).  Pursuant to D.C. Code § 24-1231 (a)(2), the

U.S. Parole Commission has jurisdiction to revoke or modify the conditions of parole of

prisoners convicted of felonies under the D.C. Code.  Section 24-1231 (c) provides that:

"[t]he Parole Commission shall exercise the authority to vested in it by this section

pursuant to the parole laws and regulations of the District of Columbia." Section 24-

1231 (a) further states that: "[t]he Parole Commission shall have exclusive authority to

amend or supplement any regulation interpreting or implementing the parole laws of the

District of Columbia with respect to felons, provided that it adheres to the rule-making

procedures set forth in § 4218 of title 18, United States Code.

U.S. Parole Commission regulations state in relevant part: "[a]n institutional

revocation hearing shall be held within ninety days of the retaking of the parolee on the

parole violation warrant. " 28 CFR § 2.102 (f).[5]  In this case, the Commission has failed

to comply with Section 2.102(f).  Mr. Lyons has been held well over ninety days since

---

[5] This was the same time limit provided under 28 D.C. Municipal Regulations § 219.3, prior to the U.S.
Parole Commission (USPC) assumption of jurisdiction over D.C. Code offenders facing revocation.

July 1, 2005, when he received a notice of rights in this matter; he has been held about 137 days since he was first incarcerated on the parole warrant. Moreover, the Commission has ignored counsel's requests to schedule Mr. Lyons for a hearing, or, in the alternative, to release him pending the hearing. The Commission's continued inaction violates its own regulations.

**B.    The U.S. Parole Commission's Failure to Act Violates Mr. Lyon's Fifth Amendment Due Process Rights**

The Commission's failure to schedule Mr. Lyons for a revocation hearing violates his rights under the due process clause of the Fifth Amendment to the Untied States Constitution. "[A] liberty interest may arise from two sources – the due process clause itself or state law." Price v. Barry, 53 F.3d 369, 370 (D.C. Cir. 1995)(quoting Hewitt v. Helms, 459 U.S. 460, 466, 74 L. Ed. 2d 675, 103 S. Ct. 864 (1983)). It is not axiomatic that parolees possess a constitutional liberty interest in parole; parole cannot be revoked without due process. Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). See also Young v. Harper, 520 U.S. 143, 117 S.Ct. 1148, 137 L. Ed. 2d 270 (1997). In this case, the Commission's actions deprive Mr. Lyon's of a due process liberty interest arising from the Constitution itself, as well as due process liberty interest created by the Commission's regulations.

Mr. Lyon's has a constitutional due process right to a hearing within "a reasonable time after the parolee is taken into custody." Morrissey, 408 U.S. at 488. The United States Supreme Court stated in Morrissey , this delay violates the due process protections of the Fifth Amendment to the Constitution.

8

However, the delay here also implicates another set of constitutional concerns, arising from the Commission's regulations. In addition a due process interest arising from the Constitution's itself, Mr. Lyons possesses a constitutionally protections. See Board of Pardons v. Allen, 482 U.S. 369, 376, 96 L. Ed. 2d 303, 107 S. Ct. 2415 (1987); Ellis v. District of Columbia, 84 F.3d 1413, 1418 (D.C. 1996) (concluding that whether a prisoner possesses a due process liberty interest in parole is determined by the language of the applicable regulations).[6] The U.S. Parole Commission regulations state in relevant part: "[a] local revocation hearing *shall* be scheduled to be held within ninety days of the probable cause determination." 28 CFR § 2.102 (f). This mandatory language creates a liberty interest; the Commission's failure to comply with its mandate violates due process.

## C.    The U.S. Parole Commission's Failure to Act Violates the Eighth Amendment

Mr. Lyon's continued incarceration – despite repeated efforts to alert the U.S. Parole Commission to his incarceration – also violates his Eight Amendment rights. In certain circumstances, an official's deliberate indifference to the "unjustified deprivation of a [prisoner's] liberty" can constitute an Eighth Amendment violation. Sample v. Diecks, 885 F.2d 1099, 1109-1110 (3rd Cir. 1989). See also Moore v. Tartler, 986 F.2d 682, 686 (3rd Cir. 1993)(incarceration without penological justification can constitute eighth amendment violation); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.

---

[6] The D.C. Circuit has declined to apply the Supreme Court's new standard for determining whether a liberty interest exists, announced in Sandin v. Conner, 132 L.Ed 2d 418, 115 S. Ct. 2293 (1995), to parole cases. The D.C. court has explained, "until Court instructs us otherwise, we must follow Greenholtz and Allen because, unlike Sandin . . . both cases deal with a prisoner's liberty interest in parole." Ellis v. District of Columbia, 84 F.3d 1413, 1418 (D.C. 1996).

9

1985)(deliberate indifference to a prisoner's detention beyond the termination of his sentence constituted cruel and unusual punishment). In light of counsel's repeated attempts to alert paroling authorities to Mr. Lyons' situation, their continued failure to act demonstrates deliberate indifference. Counsel has repeatedly called the U.S. Parole Commission requesting an institutional hearing for Mr. Lyons. Attached is an email request which was forwarded to the U.S. Parole Commission on October 3, 2005 on behalf of Mr. Lyons and other parolees similarly situated. To date, the U.S. Parole Commission has done nothing.

## CLAIM FOR RELIEF

Mr. Lyons respectfully requests that this Court issue a writ of habeas corpus for his release. "The writ of habeas corpus is the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action." Harris v. Nelson, 394 U.S. 286, 290-91, 89 S. Ct. 1082, 22 L. Ed. 2d 281 (1969). Writs of habeas corpus should be granted when paroling authorities have violated prisoner's rights. See, e.g., Blair-Bey v. Quick, 151 F.3d 1036 (D.C. Cir. 1998)(ex post facto claim remanded to district court for further consideration); Thompson v. Crabtree, 82 F.3d 312 (9th Cir. 1991)(request for adverse witnesses improperly denied); Teachey v. Carver, 736 A.2d 998 (D.C. 1999)(directive requiring the D.C. Board of Parole to issue parole violation warrants violated D.C. regulations).

Specifically, habeas corpus relief is appropriate when the Commission's failure to comply with statutory deadlines suggests bad faith, or prejudices a defendant. See Sutherland v. McCall, 709 F.2d 730, 732-33 (D.C. Cir. 1983); Crum v. United States

10

Parole Commission, 814 F. Supp. 1, 8 (D. D.C. 1993). In this case Mr. Lyons was employed while in the community at Capital Building Department making deliveries of building materials. He lived with his elderly mother and has three minor children in the community with whom he has a close relationship. The erosion of Mr. Lyons' family and community support weakens his chances of convincing the U.S. Parole Commission to consider alternatives to incarceration pursuant to 28 C.F.R.§ 2.105. Furthermore, the continued delay has the potential of denying Mr. Lyons of the opportunity to receive a minimum guideline sentence since he may already exceed that by the time of his revocation hearing.

Accordingly, Mr. Lyons requests that this Court GRANT this petition and issue a writ of habeas corpus directing that he be brought before this Court for a hearing to determine whether he is confined illegally. In the alternative, Mr. Lyons seeks an order directing the U.S. Parole Commission schedule his case for an institutional revocation hearing.

Respectfully submitted,

Olinda Moyd    11/22/05
D.C. Bar# 444622
D.C. Public Defender Service
633 Indiana Ave., NW
Washington, DC 20004

Counsel for Raymond Lyons

**Olinda Moyd**

| | |
|---|---|
| **From:** | Olinda Moyd |
| **Sent:** | Monday, October 03, 2005 5:03 PM |
| **To:** | 'gary.n.kashurba@usdoj.gov'; 'lori.gobble@usdoj.gov' |
| **Subject:** | Clients Awaiting Institutional Hearings |

I have just learned that the following clients are still being held at the D.C Jail and have not yet been scheduled for institutional hearings. Please notify me of the status of their cases and whether the USPC plans to extend expedited offers to these clients or if they will be scheduled for institutional hearings. They include the following:



████████n, Fed# ██████████ (WE 6/29/05)
Raymond Lyons, Fed# 24216-016 (WE 7/1/05)
██████████, Fed# ██████████ (WE 7/5/05)
██████████, Fed# ██████████ (WE 7/27/05)

I look forward to hearing from you regarding these pending matters.

Olinda Moyd
Chief, Parole Division
D.C. Public Defender Service
633 Indiana Ave., NW
Washington, DC 20004
(202) 824-2360

This email and any attachments may contain confidential and privileged information. If you are not the intended recipient, please notify the sender immediately by return email, delete this email and destroy any copies. Any dissemination or use of this information by a person other than the intended recipient is unauthorized and may be illegal.

05 2312

FILED

NOV 3 0 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Olinda Moyd

**From:** Olinda Moyd
**Sent:** Friday, September 02, 2005 1:15 PM
**To:** 'lori.gobble@usdoj.gov'
**Subject:** institutional clients

Dear Lori,

The following clients have been slated for institutional hearings but have received neither expedites or institutional hearing dates. Please check on these cases and let me know the status:



Raymond Lyons     # 24216-016

Just let me know if you can find out anything. Thanks,

Olinda

1

JUL 05 2005 15:22 FR U     ARSHALS SERVICE 2023071936     93014925908                    P.22

## U.S. DEPARTMENT OF JUSTICE
## UNITED STATES PAROLE COMMISSION

## WARRANT APPLICATION
## D.C. Code Offender

Name............................. **Lyons, Raymond**

Reg. No .......................... **24216-016**
DCDC No. ...................... **223-161**
FBI No .......................... **198 643 EA9**
Birth Date ...................... **4-27-1956**
Race .............................. **Black**

Date........................................November 3, 2004
Termination of Supervision ..... 6-27-2012
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date .........................7-14-2004
Released ...................................3-1-2004

Sentence Length............ **15 years (Original); 3317 days (PV Term)**
Original Offense ............ **Burglary II**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

## CHARGES:
**Charge No. 1 - Failure to Report to Supervising Officer as Directed.** The releasee failed to report to the supervising officer on 7-14-04 and thereafter has failed to make himself available for supervision. This charge is based on the information contained in the violation report dated 10-19-04 from supervising officer Camille Lewis.
**I ADMIT [   ] or DENY [   ] this charge.**

**Probable Cause Hearing Is Required**

Warrant Issued................... **November 3, 2004**

**Warrant Recommended By:**

Jordana Randall, Case Analyst Trainee
U.S. Parole Commission

Community Supervision Office Requesting Warrant: **General Supervision Unit XI, 3850 South Capitol**

JUL·05 2005 15:21 FR U  ]ARSHALS SERVICE 2023071936  ) 93014925908        P.19

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Lyons, Raymond, Reg. No. 24216-016, DCDC No. 223-161, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 15 years (Original); 3317 days (PV Term) for the crime of Burglary II and was on 3-1-2004 released on parole from Rivers Correctional Institution with 3040 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on November 3, 2004



U.S. Parole Commissioner

JUL 05 2005 15:21 FR U   ARSHALS SERVICE 2023071936    93014925908        P.20

## WARRANT For Return Of Prisoner Released To Supervision

Name:   **Lyons, Raymond**                                    Institution:  Rivers Correctional Institution
Reg. No. 24216-016                                            DCDC No.  **223-161**

## UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges,
unless otherwise ordered by the Commission.  (See instructions on accompanying memorandum.)

_____ District of ____*Wor*_____ ss:

Received this writ the ___*9*___ day of ___*Nov*___, 20_*04*_, and executed same by arresting the
within-named _____*Raymond Lyons*_____
this _____*1/8*_____ day of _____*July*_____, 20 *05*,
at ___*2 PM*___ and committing him to _____*DC    Jail*_____

_____*George Walsh*_____
                                                            **U.S. Marshal**
_____*Shane  Eskildsen*_____
                                                            **Deputy Marshal**
Further executed same by committing him to _____
at _____ on _____, 20_____, the institution
designated by the Attorney General, with the copy of the warrant and warrant application.

_____
                                                            **U.S. Marshal**

_____
                                                            **Deputy Marshal**

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard,
Chevy Chase, Maryland 20815.

## ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated ____*Nov 3, 2004*____

___*Raymond Lyons Jr.*_____         ___*July 1, 2004*___
              **Prisoner's Signature**                              **Date**

(If prisoner refuses to sign, Marshal should so indicate.)

Date:      **July 6, 2005**


# FYI      FYI      FYI      FYI      FYI


**To:**      UNITED STATES PAROLE COMMISSION
Chevy Chase, Maryland 20815

**From:**      UNITED STATES MARSHALS SERVICE
Washington, D.C.  20001

**RE:**      **Warrant Executed**


**Subject:** LYONS, Raymond
**Registration NO:** 24216-016
**DCDC:** 223-161
**PDID:** 382-266

The above reference subject was processed on JULY 1, 2005, by the
USMS District of COLUMBIA, as a <u>Parole Violator</u>.  He was committed to the
D.C. Department of Corrections and is in D.C. Jail awaiting further action by the
United States Parole Commission.


**RB/yrs**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
~~District of Columbia~~

CDF 53

vs.

RAYMOND LYONS

Case No.: M-2174-05
PDID No.: 382-266

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty  ☑ Guilty to the Charge(s) of _____
COUNT A - POSSESSION OF COCAINE

and having been found guilty by ☐ Jury  ☑ Court, it is hereby **ORDERED** that the defendant has been convicted of
and is guilty of the offense(s) charged, and is hereby **SENTENCED** to _____
COUNT A - ONE HUNDRED DAYS IN JAIL; CREDIT TIME SERVED. SENTENCE IS CONCURRENT TO ANY OTHER SENTENCE DEFENDANT MAY BE SERVING.

☐  **MANDATORY MINIMUM** term of _____ applies to the sentence imposed

☐  **MANDATORY MINIMUM** term does not apply.

☑  **ORDERED** that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐  **ORDERED** that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 903[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐  **ORDERED** that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further **ORDERED** that while on probation the defendant observe the following marked conditions of probation:

☐  Observe the general conditions of probation listed on the back of this order.

☐  Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐  Treatment for  ☐ alcohol problems    ☐ drug dependency or abuse as follows:
_____

☐  Restitution of $ _____ in monthly installments of $ _____ beginning
_____ (see reverse side for payment instructions.)

☐  The Court will distribute monies to _____

Costs in the aggregate amount of $ 50.00 (FIFTY DOLLARS) have been assessed under the Victims of Violent Crime Compensation Act of 1981, and  ☐ have  ☑ have not been paid. DUE FIVE (5) MONTHS AFTER RELEASE FROM JAIL

**ORDERED** that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve the commitment/order for the defendant.

JUNE 29, 2005
Date

_____
Judge P. CLARK

Certification by Clerk pursuant to Criminal Rule 32(d).

JUNE 29, 2005
Date

_____
Deputy Clerk

Form CD(18)-1040/Oct. 01



# D.C. PROBABLE CAUSE HEARING DIGEST

Name..............................: **Lyons, Raymond**          Date Warrant Executed.: _7.1.05_

Reg. No........................: **24216-016**          Hearing Date........: _7.8.05_

Type of Release ............:**Parole**          Examiner..............: _HR AP_

Full Term Date When Warrant Issued: **6-27-2012**          Supervision Officer: **Camille Lewis**

---

## Attorney at Probable Cause Hearing:

[ ✓ ] PDS       [ ] Other       [ ] None          ✗ INSTITUTIONAL

Name  Mc Crypto          REVOCATION

Address_____

_____

Phone_____

## Attorney Representing Subject at Revocation Hearing:

[ ] PDS       [ ] Other       [ ] Unknown

Name_____

Address_____

_____

Phone_____

---

## I. Items Advised *{Check that the subject has been advised of the following two rights}:*

[ ✓ ] Advised of Right to a Probable Cause Hearing    [ ✓ ] Advised of Right to Attorney

---

## II. Reason For Not Conducting Probable Cause Hearing
*{If Probable Cause Hearing not conducted, indicate the reason}:*

[ ] Postponed to Next Docket *{If so, provide reason for postponement and omit rest of form.}*

　　　[ ] At Request of Attorney/Prisoner          [ ] Prisoner Unavailable

　　　[ ] Other Reason:_____

[ ] Combined Probable Cause/Revocation Scheduled *{If so, skip to VI, Revocation Hearing.}*

---

## III. Review of Charges:

**Charge No. 1 - Failure to Report to Supervising Officer as Directed**

[ ✓ ] **ADMITS**          [   ] **DENIES**

The Subject's Response:

_____

_____

_____

_____

[ ✗ ] **Probable Cause Found**. After considering the violation report dated 10-19-04, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

_____

_____

_____

_____

[   ] **No Probable Cause Found**

_____

## IV. Additional Charges:

CONVICTION: SIMPLE POSSESSION OF COCAINE (FA-2174-05) SENTENCED

6/29/2005. 100 DAYS CONFINEMENT. (TIME SERVED)

_____

_____

## V. Outcome of Probable Cause Hearing:

[ ✓ ] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[   ] **No Probable Cause Found** for any charge.  **Discharge from Custody** immediately and

　　　[   ] **Reinstate** to Supervision  or  [   ] **Close Case** *(If expiration date has passed)*

_____

**Lyons, Raymond**
**Reg. No. 24216-016     DCDC No. 223-161**



[   ] **Probable Cause Found** on one or more charges.  Recommend **Reinstate to Supervision** and

[   ] **Summon** to revocation hearing or  [   ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

_____

## VI.  Principal Adverse Witnesses Identified by the Commission:

Note to Subject:  This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form).  Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Camille Lewis
**Status:**_____**Approved**          _____**Not Approved**          _____**Pending Further Review**

## VII.  Adverse Witnesses Requested by Subject:

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

## IX.   Revocation Hearing:

[   ] Local Revocation **or**        [   ] Combined Probable Cause/Local Revocation on:

**Location:** [   ] CTF   [   ] DC Jail   **Date:**_____   **Time:** [   ] am   [   ] pm

[   ] Other at _____

[ ✓ ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note:  A continuance must be requested in writing.  You may submit your requests via e-mail.  E-Mail Address:  continue.hearing@usdoj.gov**

**May Qualify for an Expedited Offer:**   [   ] No    [ ✓ ] Yes   (If yes, please have releasee sign below)

If the Commission approves a proposal of expedited revocation, I waive the 20-day waiting period for the submission of comments.              [   ] No    [ ✓ ] Yes

_____          7/8/05
              *Attorney/Prisoner*                                    *Date*

_____
*Additional Text:*

_____          7/08/05
              *Examiner*                                              *Date*

**Disclosure Documents:**  Warrant dated 11-3-04, Warrant Application dated 11-3-04, Violation Report dated 10-19-04 with attachments, Parole Certificate dated 2-26-04, Pre-Sentence Report

**I acknowledge having received the above disclosure documents and a copy of this document.**

_____          7/8/05
              *Attorney/Prisoner*                                    *Date*

**Lyons,  Raymond**
**Reg. No. 24216-016    DCDC No. 223-161**

subsequent revocation hearing), you ... esponsible for the attendance of the wit... appropriate time and place. When a hearing is postponed to obtain with... Commission usually orders a combined probable cause and local revocation hearing...

I have read (or had read to me) the above explanation of the Commission's cause procedure, and I fully understand my legal rights under that procedur... one of the choices below:)

(A) ( ✓ ) I WISH TO PROCEED WITH MY PROBABLE CAUSE HEARING TIME.

(B) ( ) I REQUEST A POSTPONEMENT OF MY PROBABLE CAUSE HEA... ORDER TO OBTAIN AN ATTORNEY AND/OR WITNESS(ES).

_Raymond Lyons Jr._       7/8/05

(Signature of Parolee or Releasee)      (Date)

## PART TWO

_Instructions:_ This part is to be completed at the conclusion of the probable cause... The explanation below must be read and acknowledged by the alleged violator, an... provided to him.

## Notice of Procedural Rights — Revocation Hearing

_OPPORTUNITY TO REQUEST A LOCAL OR INSTITUTIONAL REVOCATION HE..._
The Commission will order an institutional revocation hearing unless you requ... completing this form, a local revocation hearing. An institutional revocation hearing held in the District of Columbia or in any federal prison to which you are tra... following the finding of probable cause. The Commission will grant a request for... revocation hearing if both of the following conditions are met: (a) you were not com... an offense while under supervision, and (b) you deny all of the charges against you. ... cases, the Commission will only order a local revocation hearing if it finds good cau... to.

In support of any request for a local revocation hearing, you should indicate any w... you plan to present at the revocation hearing and any adverse witnesses you wish to ... Such adverse witnesses will be presented unless good cause is found to deny your req... their appearance. In addition, you may, prior to a local revocation hearing, request... Commission require the attendance under subpoena of favorable witnesses who have... to appear voluntarily. Such request will be granted provided you are able to show... appearance of such favorable witnesses is necessary to the proper disposition of yo... and that their testimony cannot be obtained by other means. If the Commission or... institutional revocation hearing, this will not alter your right to be represente... attorney, or to present voluntary witnesses or documentary evidence. Howe... Commission will not request the presence of adverse or other witnesses at an insti... revocation hearing.

If the Commission orders a local revocation hearing, such hearing will be held days of the probable cause finding. If the Commission orders an institutional hearing, such hearing will be held within ninety days of the date you were ret Commission's warrant. If you request postponements of revocation proceedi actions which delay such proceedings, these time limits may be extended.

*Initial one of the alternatives below:*

(    ) I REQUEST AN INSTITUTIONAL REVOCATION HEARING IF I ORDERED RELEASED BY THE COMMISSION. I UNDERSTAND THA BE TRANSFERRED TO A FEDERAL PRISON IF AN INSTITU REVOCATION HEARING IS ORDERED.

( ✓ ) I REQUEST A LOCAL REVOCATION HEARING IF I AM NOT O RELEASED BY THE COMMISSION. MY REASONS FOR REQUESTING A HEARING ARE AS FOLLOWS:

X _Raymond Jefferson Jr_____          _Murray E. Pw____
(Signature of Parolee or Releasee)          (Signature of Hearing E

_7/8/05_          _7/08/05_
(Date)          (Date)

# ASSIGNMENT OF COUNSEL FOR A PAROLE REVOCATION HEARING
## Before The
## UNITED STATES PAROLE COMMISSION

Name: __Raymond Lyons__    Register No. __24216-016__ DCDC No. __223-767__

__For Probable Cause Hearing__                                    __For Revocation Hearing__

*(Select all that apply)*

## STATEMENT OF PAROLEE OR MANDATORY RELEASEE
## CONCERNING REQUEST FOR COUNSEL

I, __Raymond Lyons__, having been fully advised of the charges against me and of my rights as forth in the copy of the (Warrant Application) (Summons to Appear), understand that I may request the D.C. Public Defender Service to assign counsel to assist or represent me in this matter before the United States Parole Commission, that such representation by counsel may be furnished to me if the D.C. Public Defender Service determines that I financially unable to obtain attorney representation, and that an attorney is available. After reviewing this notice concerning assignment of counsel,

*(initials)* _____    I do not wish to apply to the D.C. Public Defender Service for assignment of counsel.

*(initials)* _____    I do hereby apply to the D.C. Public Defender Service for assignment of counsel (if available), and in connection with this application, I state as follows concerning my true financial condition:

|                                                  | employed | unemployed |
|--------------------------------------------------|----------|------------|
| I am                                             |          | $          |
| If employed, state weekly income                 |          |            |
| If self-employed, state average weekly income    | $        |            |
| Cash on hand and in bank                         |          | $          |
| Number of dependents                             |          |            |
| Property Owned                                   |          |            |

I certify the above to be correct.

_____    7/8/05
*(Signature of Applicant and Date)*

Witness: _____    7/8/05
*(Signature, Title and Date)*

A false or dishonest answer to a question in this application may be punishable by fine or imprisonment or both (18 U.S. 1001).

---

Return From D.C. Public Defender Service

The above-named applicant will be represented by    Colleen McCrystal 824-2422

*(Name and Phone Number)*

Please fax this form to the U.S. Parole Commission, Attn: Case Services. (301) 492-5525.



**Certificate of Service**

This is to certify that a copy of the foregoing Petition for Writ of Habeas Corpus was mailed via U.S. Postal Service to:

The Office of Corporation Counsel
441 Fourth Street, NW
Sixth Floor
Washington, DC 20001

The U.S. Attorney's Office
Special Proceedings Section
555 Fourth Street, NW
Room 11-858
Washington, DC 20001

The Court Services and Offender Supervision Agency
Office of the General Counsel
633 Indiana Ave., NW
12th Floor
Washington, DC 20004

The U.S. Parole Commission
5550 Friendship Blvd
Suite 420
Chevy Chase, MD 20815

The Department of Corrections
Office of the General Counsel
1923 Vermont Ave., NW
Washington, DC 20001

This _____ day of November, 2005

Olinda Moyd
D.C. Bar No. 444622

The D.C. Public Defender
633 Indiana Ave., NW
Washington, DC 20004
(202) 824-2360

Counsel for Raymond Lyons